IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL LEYVA, | No. C 08-5317 WHA (PR) |
| Petitioner, | **ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST** |
| vs. | |
| THE PEOPLE OF CALIFORNIA, | |
| Respondent. | |

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner alleges that he raised the present issues in state habeas petitions that were denied in the Superior Court of California and in the California Court of Appeal. He then says that he filed a petition in the Supreme Court of California on July 23, 2008, and that it has not yet been ruled upon. It thus appears that he has not exhausted.

///

1    Within thirty days of the date this order is entered petitioner shall show cause why this
2    petition should not be dismissed for failure to exhaust. If he does not, the case will be
3    dismissed.[1]

4    **IT IS SO ORDERED.**

5    Dated: December   1   , 2008.

　　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

23   G:\PRO-SE\WHA\CR.08\LEYVA5317.OSC-P.wpd

---

[1] Petitioner should note that although state court delay in review can excuse exhaustion, the delay must be substantial. *See Phillips v. Vasquez*, 56 F.3d 1030, 1037-38 (9th Cir. 1995) (prisoner's interest in reasonably prompt review of conviction outweighed jurisprudential concerns of exhaustion and abstention for prisoner whose conviction of murder had been final for ten years but whose sentence of death was still under appellate review in state court); *cf. Hamilton v. Calderon*, 134 F.3d 938, 939 (9th Cir. 1998) (order) (two year state appellate delay not sufficient to bring case within *Phillips* rule).